| | |
|---|---|
| 1 | **RICHARD P. POINTER, ESQ., SBN: 86630**<br>HINKLE, JACHIMOWICZ, POINTER & EMANUEL |
| 2 | 2007 W. Hedding Street, Suite 100<br>San Jose, Ca 95128 |
| 3 | Telephone: (408) 246-5500<br>Facsimile: (408) 246-1051 |
| 5 | Attorneys for Defendant<br>**MARK PLOYHAR** |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO: CR-11-00509 DLJ |
| Plaintiff, | ) | STIPULATION AND () ORDER FOR MOVING FEBRUARY |
| vs. | ) | 9, 2012 STATUS HEARING, EXCLUDING TIME FOR FEBRUARY |
| MARK PLOYHAR, | ) | 9, 2012, THROUGH FEBRUARY 23, 2012 |
| Defendant. | ) | |

Defendant, Mark Ployhar, through counsel Richard P. Pointer and the United States through Grant Fondo hereby stipulate to the continuance of the status hearing from February 9, 2012, to February 23, 2012, at 9:00 a.m.

It is agreed between the parties that the following reasons exist for this stipulation:

(1) Defense counsel has a felony sentencing hearing in Santa Cruz Superior Court

(2) United States Attorney, Grant Fondo, has no objection to having the status conference continued.

The government and defense stipulate that the factors stated above provide a basis for an exclusion of time pursuant to the Speedy Trial Act (18 U.S.C. Section 3161 (h)(8)(B)(iv) in that the

1 | ends of justice outweigh the public interest in an earlier trial date.

Respectfully submitted,

Dated: February 8, 2012                /s/ Richard P. Pointer
Richard P. Pointer
Attorney for Mark Ployhar

Dated: February 8, 2012                   /s/ Grant Fondo
Grant Fondo
Assistant United States Attorney

# **ORDER OF COURT**

Based upon the stipulation of the parties, and for good cause shown, the Court reschedules the parties' February 9, 2012, status hearing to February 23, 2012 at 9:00 a.m.

THE COURT FURTHER ORDERS time be excluded under the Speedy Trial Act from February 9, 2012 to February 23, 2012. The court finds, based on the aforementioned reasons, that the ends of justice is served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial. The failure to grant the requested continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice. The Court therefore concludes that this exclusion of time should be made under 18 U.S.C. section 3161(h)(8)(A) and (B)(iv).

SO ORDERED.

Dated: February 1, 2012

_____
D. LOWELL JENSEN
United States District Judge